## Case No. 14,954.

### UNITED STATES v. DEVLIN et al.

[5 Int. Rev. Rec. 182.]

Circuit Court, E. D. New York. June, 1867.

VIOLATIONS OF INTERNAL REVENUE LAWS—FRAUDULENT INSPECTOR'S BRAND.

[The thirty-eighth section of the act of July 13, 1866, making it a felony for "any person"

to use any inspector's brand upon casks purporting to contain distilled spirits, with intent to defraud, etc., is not confined to frauds in which the inspector himself is concerned, but includes such use of the inspector's brand by any other parties.]

In this case, which was one of several indictments found against the defendants [John Devlin, T. T. Levan, F. H. Tappan, and A. J. Phillips] arising out of the great frauds in distilled spirits, the defendants demurred to the indictment on the ground that the statute had not constituted the acts charged an offence.

The demurrers were argued by:

Dist. Atty. Tracy, for United States.
Mr. Evarts, for defendants.

NELSON, Circuit Justice (orally). In this case we have looked into the question raised by the demurrer, argued by counsel on both sides, and have satisfied ourselves that the demurrer is not well taken, and it will be overruled. The first two counts in the indictment charge substantially these defendants with having put an inspector's brand upon barrels of whiskey or distilled spirits, the brand being, "Manufactured prior to Sept. 1, 1866. A. J. Phillips, Inspector, New York;" with having put this inspector's brand upon large numbers of barrels or casks of distilled spirits, which brand imports in the judgment of law that the tax upon the whiskey has been paid; has been paid by the manufacturer. That is the import of the brand, whereas the defendants knew that the liquor was manufactured subsequent to the 1st of September, 1866. They knew at the time that the taxes had not been paid, and that this brand was put on with the intent to defraud the government. That is the charge substantially of the first two counts in the indictment. The third count charges these defendants with having put upon their casks of distilled liquor a counterfeit brand—a false and counterfeit brand of the inspector—with the intent to defraud the government. Now, the act of July 13, 1866, § 38 [14 Stat. 159], contains this provision: "Any person who shall with fraudulent intent use any inspector's brands, or plates upon any cask or package containing, or purporting to contain distilled spirits, or who shall knowingly make or use any counterfeit brand or spurious brand, or plate, upon any cask or package of distilled spirits, shall be deemed guilty of a felony, and upon conviction thereof shall be fined $1,000, and imprisoned not less than two nor more than five years." Any person who shall with fraudulent intent use any inspector's brand, or who shall use a counterfeit brand, knowing that it was a counterfeit brand, with the intent to defraud the government, will be subject to this penalty. Our opinion is, that the first and second counts come within this portion of the thirty-eighth section.

An attempt has been made to confine this section to cases where the inspector himself is concerned in the perpetration of the fraud. In the previous part of the section there is an offence described of that kind. But this clause covers all offenses committed by any person, and therefore embraces these defendants as well as, probably, an inspector himself. A clause in the same section, in relation to the using of counterfeit brands or marks, embraces the third count of the indictment.

We are also inclined to think that the indictment is brought, at least the first and second counts would be brought, within the forty-third section. The forty-third section, among other things, provides, that any person owning any distilled spirits intended for sale, manufactured prior to the time when this act takes place, exceeding fifty gallons altogether, shall notify, in writing, the collector of the district where such spirits may be stored, held or owned, within sixty days thereafter, to gauge and prove the same; and upon receipt of said notice the collector shall cause said spirits to be gauged and proved, and the casks or packages containing the same to be marked by the inspector in the following manner: "Manufactured prior to ———, 186–, District ——— Inspector," this mark or brand to be put upon these casks or barrels. Another clause of that section has this provision: "And any person who shall so brand any package containing spirits, knowing the taxes thereon have not been paid, shall forfeit such spirits, and be deemed guilty of a misdemeanor." Now the charge in these counts is that certain brands described are placed upon certain casks by these defendants, knowing at the time that the taxes had not been paid; knowing also that the brand imported that they had been paid; that it was put on fraudulently and with the intent to defraud the government. There is undoubtedly a question on the statute itself—a matter of construction, which involves the only doubt in connection with the case, arising from the fact that in the subsequent part of the section another brand is referred to and made the subject of an offence. The argument is that the last clause does not embrace the previous matter described in the section. We are inclined to think that it was meant to embrace the false brand referred to in the previous part of the section. Our opinion is, that the indictment may well be sustained on all counts first, second and third, under the thirty-eighth section. We are inclined to think that the first and second counts may be sustained under the forty-third section. We must, therefore, overrule the demurrer and give judgment for the government.

On the rendering of this decision the district attorney moved the court that judgment be entered in favor of the United States against the defendants on the demurrer, and that the court proceed to sentence them on the first and second counts of the indictment, which were based on the forty-third section

of the act of 1866, the offence under which was only a misdemeanor, for where a defendant demurs to an indictment for a misdemeanor, if it is decided against him, he is not allowed to plead over, but judgment absolute is rendered against him.

Mr. Evarts said that if that was the law, it was the defendant's counsel who ought to go to prison rather than the defendants.

The district attorney said that such was certainly the law settled by the court of errors of this state in the case of People v. Taylor, in 3 Denio [91], and by the courts of Connecticut, in a case which he cited from the Connecticut Reports.

NELSON, Circuit Justice, said that he would not hold the defendants to any technical rule in the matter. The questions might just as well have been raised by a motion to quash as by a demurrer, and he thought on the whole the defendants better be allowed to plead. They were accordingly notified to plead to the indictment.

[NOTE. Subsequently John Devlin was convicted upon an indictment charging him with distilling without license, and without having paid the special tax. Case No. 14,955. Motion for new trial was denied. Id. 14,953.]